UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDREMA PITTS,

                              Plaintiff,

      v.                                              **DECISION AND ORDER**
                                                      15-CV-149S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.


      1.      Plaintiff Edrema Pitts challenges an Administrative Law Judge's ("ALJ")

determination that she is not disabled within the meaning of the Social Security Act ("the

Act").   Plaintiff alleges that he has been disabled since August 27, 2011,[1] due to the

following severe impairments: lumbar disc herniation; carpal tunnel syndrome; and

obesity.  Plaintiff argues that her impairments render her unable to work.  She therefore

asserts that she is entitled to payment of Supplemental Security Income ("SSI").

      2.      Plaintiff filed an application for SSI on March 1, 2012.  The Commissioner

denied the application, after which Plaintiff timely requested a hearing.  ALJ David S.

Lewandowski held an administrative hearing on June 10, 2013.  Plaintiff appeared with

counsel and testified, as did an impartial vocational expert, Jay Steinbrenner.  The ALJ

considered the case *de novo*, and on July 31, 2013, issued a decision denying Plaintiff's

application for benefits.  On December 17, 2014, the Appeals Council denied Plaintiff's

request for review, thereby rendering the ALJ's July 31, 2013 decision the

Commissioner's final decision.

---

[1] At the administrative hearing, Plaintiff amended her alleged onset disability date from June 1, 2008, to
August 27, 2011, since her previous application for benefits through August 26, 2011, had been denied.

3.      Plaintiff filed the current civil action on February 17, 2015, challenging the Commissioner's final decision.  On June 23, 2015, Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 5).  Defendant filed a Motion for Judgment on the Pleadings on June 29, 2015.  (Docket No. 6).  After full briefing, this Court deemed the motions submitted and reserved decision.  For the following reasons, Defendant's motion is granted and Plaintiff's is denied.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).   Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.   See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v.

Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.     This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a

listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity ("SGA") since the alleged onset of her disability (R. at 14);[2] (2) Plaintiff's lumbar disc herniation at L4-5, carpal tunnel syndrome, and obesity are severe impairments (id.); (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926 (R. at 17); (4) Plaintiff retains the residual functional

_____

[2] Citations to the underlying administrative record are designated as "R."

capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 416.967(a), except that she can only occasionally engage in postural activities, twisting of the lumbar spine, and pushing or pulling; can perform frequent handling and fingering; and should have the ability to move her head (flexion, extension, rotation, and lateral bending) at will (id.); (5) Plaintiff is unable to perform any past relevant work (R. at 20); and, (6) considering Plaintiff's age (36), education, work experience, and RFC, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (R. at 21). Ultimately, the ALJ concluded that Plaintiff was not disabled, as defined by the Act, at any time through the date of his decision. (R. at 22).

10.    Plaintiff's overarching challenge to the ALJ's decision is that the ALJ failed to conduct a non-adversary proceeding.  He allegedly did so in two ways.  First, he failed to develop the record by seeking clarification from Nikita Dave, M.D., despite Plaintiff's request that he do so.  Second, he drew a negative inference from Plaintiff's lack of recent medical treatment without providing her the opportunity to explain the lack of treatment during the hearing.  For the reasons stated below, both of these challenges fail.

11.    Plaintiff's first argument is that the ALJ erred by not further developing the record in regard to Dr. Dave's opinion.  Citing Curry v. Apfel, Plaintiff maintains that the ALJ should have sought clarification of Dr. Dave's use of the terms "mild" and "moderate" in describing her limitations,[3] because without such clarification, the opinion

---

[3] Dr. Dave found that Plaintiff had "*moderate*" limitation for repetitive bending, twisting through the lumbar spine, lifting, carrying, pushing, pulling of greater than lightly weighted objects, prolonged sitting, standing; "*mild to moderate*" limitations for maintaining of the head and neck for prolonged periods of time without intervening breaks and rest intervals, repetitive gross motor manipulation through both wrists and hands

is impermissibly vague.  209 F.3d 117 (2d Cir. 2000).  Use of these terms, however, does not automatically render a medical opinion void.  <u>See</u> <u>Tudor v. Comm'r of Soc. Sec.</u>, No. 12-CV-2795 SJF, 2013 WL 4500754, at *12 (E.D.N.Y. Aug. 21, 2013). Rather, when the opinion is based on clinical findings and an examination of the claimant, the seemingly vague conclusion can nonetheless serve as an "adequate basis" for the ALJ's ultimate conclusion.  <u>See</u> <u>Dier v. Colvin</u>, No. 13-CV-502S, 2014 WL 2931400, at *4 (W.D.N.Y. June 27, 2014) (citing <u>Tudor</u>, 2013 WL 4500754, at *12).

12.    Here, Dr. Dave examined Plaintiff and produced clinical findings, all of which were available to the ALJ in the record.  In addition, there was sufficient evidence before the ALJ for him to render a decision.  <u>See</u> <u>Guile v. Barnhart</u>, No. 5:07-CV-259, 2010 WL 2516586, at *3 (N.D.N.Y. June 14, 2010) (quoting 20 C.F.R. § 404.1527(c)(1) ("[W]here the evidence received by the ALJ is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary, and the ALJ may 'make [his or her] determination or decision based on that evidence.'") This Court therefore finds no reversible error in the ALJ's decision to rely on Dr. Dave's medical opinions without further development of the record.

13.    Plaintiff's second argument is that the ALJ impermissibly drew negative inferences from her lack of recent medical treatment without giving her the opportunity during the hearing to explain why she did not seek or obtain treatment for a substantial period of time.  The hearing transcript, however, reveals that Plaintiff's counsel elicited testimony on this subject during the hearing.  In addition, the ALJ had before him Plaintiff's testimony from her previous application for benefits.  Thus, there exists in the

---

particularly for handling, gripping, or sustaining grips, lifting, carrying of heavy objects (emphasis added) (R. at 272).

record sufficient evidence concerning Plaintiff's lack of treatment.  And while Plaintiff may be disappointed that the ALJ did not accept her explanation that no viable treatment options were available to her and therefore she did not pursue any, there is no error in the ALJ's contrary determination that Plaintiff's lack of treatment undermined her claim of total disability.  An ALJ's failure to accept a party's argument simply does not equate to a failure to conduct a non-adversarial proceeding.  There is thus no reversible error.

14.    Both of Plaintiff's challenges to the ALJ's decision are rejected.  And it bears mention that both have been needlessly infused with personal attacks on the ALJ.  This Court has reviewed the hearing transcript and, of course, the ALJ's written decision.  Nowhere therein are there grounds for the personal aspersions Plaintiff's counsel casts on the ALJ as it relates to intentionally denying Plaintiff a non-adversary proceeding.  Counsel initially accused the ALJ of purposefully "sandbagging" Plaintiff, before thinking better of it and retracting that inflammatory accusation in his reply memorandum.  (Docket No. 8.)  But that was not the only bit of vitriol.  Counsel accuses the ALJ of "meaningless sophistry," of "brazen disregard" for circuit authority, of "secretly harboring extreme skepticism," and of refusing to use "the stroke of a pen" to ensure a fair and complete record.  (Docket No. 5-1.)  Rhetorical flourishes of this ilk are unpersuasive and should be avoided.  Worse yet, here they find no basis in the record.

15.    After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence, medical opinions, and testimony contained therein.  This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight

to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act.  Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 5) is DENIED.

FURTHER, that the Clerk of Court shall close this case.

SO ORDERED.


Dated:  October 16, 2016
        Buffalo, New York


/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge